UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BRYANT EUGENE BENTLEY, JR.,

        Petitioner,         Case Number: 1: 16-cv-14242
                                       Honorable Thomas L. Ludington

v.

CATHERINE S. BAUMAN,

        Respondent.

_____/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION FOR DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY**

Petitioner Bryant Eugene Bentley, Jr., a prisoner in the custody of the Michigan Department of Corrections, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. He challenges his convictions for armed robbery, Mich. Comp. Laws § 750.529; conspiracy to commit armed robbery, Mich. Comp. Laws § 750.529; Mich. Comp. Laws § 750.529c; possession of 50 grams or more but less than 450 grams of a controlled substance (cocaine), Mich. Comp. Laws § 333.74032a(3); resisting, obstructing, opposing, or endangering a police officer, Mich. Comp. Laws § 750.81d(1); third-degree fleeing, Mich. Comp. Laws § 750.479a(3); felon in possession of a firearm, Mich. Comp. Laws § 750.224f; and five counts of possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b. Respondent has filed a motion to dismiss arguing that the petition was not timely filed.

# I.

Petitioner was convicted by a jury in Saginaw County Circuit Court as set forth above. On December 15, 2011, he was sentenced to concurrent terms of 62 years, 6 months to 93 years, 9 months for the armed robbery and conspiracy to commit armed robbery convictions, 10 to 20 years for the cocaine and fleeing convictions, 3 to 5 years for the felon-in-possession conviction, and 1 to 2 years for the resisting and obstructing conviction, all to be served consecutively to two years for each of the felony-firearm convictions (the felony-firearm convictions to be served concurrently with one another).

Petitioner filed an appeal of right in the Michigan Court of Appeals. The Michigan Court of Appeals affirmed Petitioner's convictions and sentences. *People v. Bentley, Jr.*, No. 308069, 2012 WL 6217041 (Mich. Ct. App. Dec. 13, 2012). On April 29, 2013, the Michigan Supreme Court denied Petitioner's application for leave to appeal. *People v. Bentley, Jr.,* 493 Mich. 969 (Mich. 2013).

On July 28, 2014, Petitioner filed a motion for relief from judgment in the trial court. The trial court denied the motion. *See* 4/7/15 Saginaw County Cir. Ct. Dkt., ECF No. 4-1. The Michigan Court of Appeals denied Petitioner's application for leave to appeal the trial court's denial. *People v. Bentley, Jr.,* No. 328596 (Mich. Ct. App. Nov. 4, 2015). On September 6, 2016, the Michigan Supreme Court denied Petitioner's application for leave to appeal, *People v. Bentley, Jr.,* 500 Mich. 853 (Mich. Sept. 6, 2016), and, on November 30, 2016, denied reconsideration. *People v. Bentley*, *Jr.,* 500 Mich. 901 (Mich. Nov. 30, 2016).

Petitioner filed the pending habeas corpus petition through counsel on December 5, 2016. Respondent filed a motion to dismiss on the ground that the petition was not timely filed and Petitioner filed a reply to the motion.

**II.**

Respondent argues that the petition is barred by the one-year statute of limitations. Title 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, applies to all habeas petitions filed after its effective date, April 24, 1996, and imposes a one-year limitations period for habeas petitions. *See* 28 U.S.C. § 2244(d)(1). A prisoner must file a federal habeas corpus petition within one year of the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . or the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(A) & (D). The time during which a prisoner seeks state-court collateral review of a conviction does not count toward the limitation period. 28 U.S.C. § 2244(d)(2); *Ege v. Yukins*, 485 F.3d 364, 371-72 (6th Cir. 2007). A properly filed application for state post-conviction relief, while tolling the limitation period, does not reset the limitation period at zero. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).

Petitioner appealed his conviction first to the Michigan Court of Appeals, and then to the Michigan Supreme Court. The Michigan Supreme Court denied his application for leave to appeal on April 29, 2013. Petitioner had ninety days from (and including) April 30, 2013, to file a petition for writ of certiorari with the United States Supreme Court, which he did not do. Thus, his conviction became final on July 28, 2013 (the 90th day following the denial of leave to appeal), when the time period for seeking certiorari expired. *Bronaugh*, 235 F.3d at 283 (one-year statute of limitations does not begin to run until the time for filing a petition for a writ of certiorari for direct review in the United States Supreme Court has expired). The last day on which a petitioner can file a petition for a writ of certiorari in the United States Supreme Court is

not counted toward the one-year limitations period applicable to habeas corpus petitions. *Id.* at 285. Accordingly, the limitations period commenced on July 29, 2013, the 91st day following the Michigan Supreme Court's denial of leave to appeal. The limitations period continued to run until July 28, 2014 (the 364th day of the limitations period) when Petitioner filed a motion for relief from judgment in the trial court. The motion for relief from judgment tolled the limitations period with 1 day remaining. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation...."). The limitations period continued to be tolled to and including November 30, 2016, when the Michigan Supreme Court denied Petitioner's motion for reconsideration of the court's order denying leave to appeal. The limitations period then restarted on Thursday, December 1, 2016 (the 365th day) and expired that same day.[1]

Petitioner argues that he is entitled to equitable tolling of the limitations period because he has been diligent in pursuing his rights and is actually innocent. The AEDPA's one-year limitations period is not a jurisdictional bar and is therefore subject to equitable tolling where a habeas petitioner "shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). Petitioner acknowledges the two requirements articulated in *Holland*, but fails to allege or identify an extraordinary circumstance which prevented his timely filing. Therefore, he is not entitled to equitable tolling.

---

[1] Petitioner incorrectly stated in his petition that the motion for reconsideration was denied on Friday, December 2, 2016, when in fact it was denied on November 30, 2016. If Petitioner was correct, and the motion for reconsideration was denied on Friday December 2, then the limitations period would have expired on a Sunday, and thus continued until the following Monday, December 5, when he filed his petition.

Petitioner also argues that he can making a showing of actual innocence and therefore excuse his untimeliness. The Supreme Court has held that a showing of actual innocence overcomes AEDPA's statute of limitations. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). To determine whether a petitioner has satisfied the requirements for establishing a cognizable claim of actual innocence to warrant equitable tolling, the court applies "the same actual innocence standard developed in *Schlup v. Delo*, 513 U.S. 298, 115 S. Ct. 851 (1995), for reviewing a federal habeas applicant's procedurally defaulted claim." *McCray v. Vasbinder*, 499 F.3d 568, 571 (6th Cir. 2007), *citing Souter*, 395 F.3d at 596. A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324. "The *Schlup* standard is demanding and permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006) (citation omitted). A court presented with new evidence must consider it in light of "all the evidence, old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under rules of admissibility that would govern at trial." *Id.* (citation omitted). "Based on this total record, the court must make 'a probabilistic determination about what reasonable, properly instructed jurors would do.'" *Id*. (*quoting Schlup*, 513 U.S. at 329). This standard does not require absolute certainty about the petitioner's guilt or innocence. Instead, the petitioner must show that, in light of the new evidence, it is "more likely than not any reasonable juror would have reasonable doubt." *Id.* at 538. "'[A]ctual innocence means factual innocence, not mere legal insufficiency.'" *Souter v. Jones*, 395 F.3d 577, 590 (6th Cir. 2005), quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998).

Petitioner's actual innocence claim relates to the jury instruction claim raised in the petition. Petitioner argues that he was denied the right to a properly instructed jury when the trial court refused to instruct the jury on accessory after the fact. Petitioner claims that if the jury had been so instructed, it is more likely than not that no reasonable juror would have convicted him. However, a challenge to a jury instruction does not raise a claim of actual innocence under *Schlup*. *See Paulino v. United States*, 352 F.3d 1056, 1061 (6th Cir.2003), (finding that defendants who were convicted of conducting a continuing criminal enterprise were not actually innocent merely because the trial court gave improper jury instructions); *Stephens v. Herrera*, 464 F.3d 895, 899 (9th Cir.2006) ("[T]he mere fact of an improper instruction is not sufficient to meet the test for actual innocence.");*Muhammad v. United States*, No. 2018 WL 442802, *8 (S.D. Miss. Jan. 16, 2018) (legal insufficiency of jury instructions fails to make a claim of actual innocence); *Gary v. Secretary, Florida Department of Corrections,* 2017 WL 2834767, *5 (M.D. Fl. June 30, 2017) (alleged error in jury instructions is not "new evidence" that could be proffered as support for an actual innocence claim under *Schlup* because the alleged error occurred during trial and could have been discovered at the time). Petitioner's claim of actual innocence is unsupported by new evidence of any type. Accordingly, the Court finds that the limitation period is not equitably tolled so as to excuse the untimely filing of this petition.

**III.**

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must be issued. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable

jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell,* 537 U.S. 322, 327 (2003). In applying that standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

Having considered the matter, the Court concludes that the petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability is not warranted in this case.

**IV.**

Accordingly, it is **ORDERED** that Respondent's Motion to Dismiss (ECF No. 4) is **GRANTED.**

It is further **ORDERED** that the petition for a writ of habeas corpus, ECF No. 1, is **DISMISSED**.

It is further **ORDERED** that a certificate of appealability is **DENIED.**

It is further **ORDERED** that Petitioner may proceed *in forma pauperis* on appeal because an appeal could be taken in good faith. 28 U.S.C. § 1915(a)(3).

                                                      s/Thomas L. Ludington
                                                      THOMAS L. LUDINGTON
                                                      United States District Judge

Dated: March 2, 2018

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 2, 2018.

          s/Kelly Winslow
          KELLY WINSLOW, Case Manager